Mr. Justice Clayton
delivered the opinion of the Court.
This was a scire facias against Barton, as the executor of Felix W. Baird, deceased, to subject him to the payment of a judgment de bonis propriis, which had been recovered against him as such executor. The ground relied on for rendering him liable, was that he had applied the assets of the estate to the payment of younger judgments, and left this unsatisfied. There was a demurrer to the scire facias, which was sustained by the court below, and the case dismissed.
The scire facias is informal in its structure, yet it is not so wholly defective as to authorize its entire rejection. The demurrer admits the facts charged. If they be true, the defend *243 ant committed a devastavit in the appropriation of the assets. By the laws of this State, if there were not assets sufficient to pay all the debts, it was his duty to have suggested the insolvency of the estate, and to have applied them ratably to their satisfaction. The judgment was notice to him of the claim, and it. was certainly not legal or proper to pay other judgments to the exclusion of this. This was a proper remedy equally with an action of debt upon the bond. 2 Lomax on Executors, 450; Hoggatt v. Montgomery, 6 How. 100.
The scire facias in this case, although it avers a mal-appropriation of assets, which is admitted by the demurrer, does not aver that enough came to the hands of the executor to pay the full amount of the judgment. It would not be right, therefore, to render judgment upon the sci. fa. for the full amount, because the plaintiffs are not entitled to judgment beyond the amount of assets. Neither is the defendant precluded by the former judgment from showing a full and proper administration of the estate; as he may still plead plene administravit. This is the rule adopted in Yirginia'under a statute from which ours is a copy. 2 Lomax, 452. Such plea, however, cannot be supported, if there has been á misapplication of assets.
The judgment will be reversed and cause remanded.